ANITA B. WHITE, Respondent v. KNICKERBOCKER ICE COMPANY and Others, Appellants.*— Judgment affirmed, with costs. No opinion. Young, Hagarty and Scudder. JJ . concur; Lazansky, P. J., and Carswell, J., dissent and vote for reversal and a dismissal of the complaint on the merits, upon the ground that the deed dated May 1, 1841, from William Smith to George P. Felter, in which part of the description is: " thence running northerly along the land of said Garret Henion to the Rockland Lake thence westerly along the south side of the Rockland Lake to the land of the heirs of John Smith deceased," conveyed to said Felter. the predecessor in title of the Knickerbocker Ice Company, the lands under water in dispute here (*Gouverneur* v. *N. I. Co.*, 134 N. Y. 355; *Fulton L., H. & P. Co.* v. *State of N. Y.*, 200 id. 400), and that defendants have made out a case of adverse possession, of abandonment of the easement and of estoppel by reason of the attitude of the plaintiff to defendants Ellwood M. Rabenold and Rockland Lake Corporation, even if plaintiff or her predecessor had an easement by way of necessity.

CAROLINE TOWNSEND WOODBURY and MARGARET TOWNSEND TAGLIAPIFTRA, Respondents. v. CHARLES A. GARRITY and Others, Appellants.— Judgment, in so far as it decrees the invalidity of the mortgage held by appellants Schrage and Schodnick reversed upon the law and the facts, without costs, and judgment directed declaring that said mortgage is valid. In all other respects the judgment is affirmed, without costs. In our opinion the proof is insufficient to charge the mortgagees with notice or knowledge of Gray's fraud. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. Lazansky, P. J., Rich, Young, Kapper and Tompkins, JJ., concur. Settle order on notice.